IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| IN RE: | CASE NO. 09-04089 (ESL) |
| LEIDA OTERO RIVERA | CHAPTER 12 |
| Debtor | |
| LEIDA OTERO RIVERA | ADV. PROC. NO. 11-00043 (ESL) |
| Plaintiff | |
| vs. | |
| LAKE BERKLEY RESORT MASTER ASSOCIATION, INC., THE MANORS AT LAKE BERKLEY HOME OWNERS ASSOCIATION, INC., SRK ASSOCIATION MANAGEMENT, *ET AL*. | |
| Defendants | |

OPINION AND ORDER

This case is before the court upon the *Motion to Set Aside Default Judgment and Orders* (the "*Motion to Set Aside Judgment*", Docket No. 74) filed by the defendants under Fed. R. Civ. P. 60(b)(1) on October 6, 2014 to set aside the *Opinion and Order* and *Judgment* entered on May 29, 2014 (Docket Nos. 63 and 64) declaring them jointly and severally liable to the Plaintiff for having willfully violated the automatic stay and awarding the Plaintiff actual damages in the amount of $23,750.00 for lost rent, $2,000.00 for maintenance fees retained, $2,500.00 for travel expenses to Florida, $100,000.00 for emotional damages, $100,000.00 in punitive damages and attorney's fees. The *Opinion and Order* is published at 511 B.R. 6 (Bankr. D.P.R. 2014) and contains a detailed procedural background of the instant adversary proceeding. The Defendants allege that they did not receive notice of the legal proceedings by their attorneys[1] and hence,

---

[1] One of the Defendants' attorneys, Mr. Mario R. Oronoz, Esq., provided a deficient email address for his CM/ECF account, which has now been corrected upon the court's initiative. The foregoing does not alter the court's ultimate conclusion in the instant case. Moreover, Mr. Oronoz has been filing electronically in the instant case through CM/ECF since May 31, 2011 (Docket No. 27) and since then bears the responsibility of keeping his CM/ECF account current. See CM/ECF Manual for the U.S. District Court for the District of Puerto Rico, p. 7 (2011); LBR 5005-4.

-1-

they were not aware of the entry of the *Opinion and Order* entered by the court or the preceding orders that led to the evidentiary hearing held on March 21, 2014.

Also before the court is the *Opposition to Motion to Set Aside Judgment and Orders* filed by the Plaintiff on November 4, 2014 (Docket No. 78) arguing that the Defendants have not raised any exceptional circumstances sufficient to meet their burden under Fed. R. Civ. P. 60(b). The Plaintiff asserts that: (a) the Defendants voluntarily chose their attorneys as their legal representatives in the instant case; (b) they cannot now avoid the consequences of the acts or omissions of their freely selected agents; and (c) if their "attorneys did not act upon the pending and developing matters in the docket, that is a dispute between defendants and their attorneys, rather than one the court should rectify through the discretionary power of Rule 60(b)" (Docket No. 78, p. 4-7).

On November 11, 2014, the Defendants filed a *Reply to Opposition to Set Aside Judgment and Orders* (Docket No. 85) restating their lack of knowledge of the latter part of the instant proceeding due to their attorneys' neglect to notify them of the status of the case.

On December 5, 2014, the Defendants filed a *Motion to Stay Proceedings to Enforce Judgment and Order* (Docket No. 88) claiming that there is a strong possibility that the Rule 60 motion will be successful and therefore the execution of the judgment and orders should be stayed pending disposition of the *Motion to Set Aside Judgment* under Fed. R. Bankr. P. 7062(b).

Applicable Law and Analysis

Fed. R. Civ. P. 60(b), applicable to bankruptcy cases through Fed. R. Bankr. P. 9024, seeks to balance the interest in the stability of judgments and orders with the interest in seeing they do not become instruments of oppression and fraud.  See Alan N. Resnick and Henry J. Sommer, 10 Collier on Bankruptcy ¶ 9024.03 (16th ed. 2013).  Hence, "the court may relieve a party ... from a final judgment, order, or proceedings for ... mistake, inadvertence, surprise, or excusable neglect."  Fed. R. Civ. P. 60(b)(1).  "[R]elief under Rule 60(b) is extraordinary in

nature and [] motions invoking that rule should be granted sparingly." Karak v. Bursaw Oil Corp., 288 F.3d 15, 19 (1st Cir. 2002).

In Pioneer Inv. Serv. Co. v. Brunswick Assoc. Ltd. Partnership, 507 U.S. 380, 395 (1993), the Supreme Court ruled that the determination of what constitutes "excusable neglect" is an equitable one, taking into consideration the following factors: (1) the length of the delay and its potential impact on judicial proceedings; (2) the reason for the delay, including whether it was within the reasonable control of the movant; (3) whether the movant acted in good faith; and (4) whether granting the relief will prejudice the opposing party. The Supreme Court concluded that "excusable neglect" is a flexible concept that is not limited to circumstances beyond the control of the movant. Id. at 388. Prior to the Supreme Court's decision in Pioneer, the U.S. Court of Appeals for the First Circuit (the "First Circuit") had ruled that Fed. R. Civ. P. 60(b) was a vehicle for extraordinary relief, and that motions invoking the rule should only be granted under exceptional circumstances. See Lepore v. Vidockler, 792 F.2d 272, 274 (1st Cir. 1986). Subsequently, in Pratt v. Philbook, 109 F.3d 18 (1st Cir. 1997), the First Circuit incorporated the Pioneer doctrine and has sustained it ever since. See United States v. Union Bank for Sav. & Inv.(Jordan), 487 F.3d 8, 24 (1st Cir. 2007); Aja v. Fitzgerald (In re Aja), 441 B.R. 173, 177 (B.A.P. 1st Cir. 2011) (upholding the Pioneer test). The most important factor in this test is the reason for the delay, which requires a statement of the reasons and a satisfactory explanation. See Graphic Communications Int'l Union v. Quebecor Printing Providence, Inc., 270 F.3d 1, 6 (1st Cir. 2001); EnvisioNet Computer Servs., Inc. v. ECS Funding LLC, 288 B.R. 163, 166 (D.Me. 2002). No "excusable neglect" can be determined in the absence of unique or extraordinary circumstances. Fisher v. Kadant, Inc., 589 F.3d 505, 512 (1st Cir. 2009); Haddock-Rivera v. ASUME, 486 B.R. 574, 578 (B.A.P. 1st Cir. 2013), citing Morse v. Earle (In re Earle), 2008 Bankr. LEXIS 3961, 2008 WL 8664763 (B.A.P. 1st Cir. 2008). Trial courts have wide discretion to determine the existence of neglect or lack thereof and whether it was excusable or not. See Graphic Communs. Int'l Union, Local 12-N, 270 F.3d at 6-7; $23,000 in U.S. Currency, 356 F. 3d at 165 ("[Trial] courts enjoy considerable discretion in deciding

motions brought under Civil Rule 60(b)"); In re Shepherds Hill Development Co., 316 B.R. 406, 418 (B.A.P. 1st Cir. 2004).

"Finality is an important element in the judicial process, and setting aside a final judgment requires more than the frenzied brandishing of a cardboard sword." Nansamba v. North Shore Med. Ctr., Inc., 727 F.3d 33, 37 (1st Cir. 2013). A party seeking Rule 60 relief must demonstrate, *inter alia*, that they have the "right stuff to mount a potentially meritorious claim or defense". Id. at 38.

"Attorneys act for their clients, and the neglect of an attorney acting within the scope of his or her authority is attributable to the client." Nansamba v. North Shore Med. Ctr., Inc., 727 F.3d at 38, citing Thibeault v. Square D Co., 960 F.2d 239, 246 (1st Cir. 1992) (rejecting argument that attorney's sins should not be visited upon client); Damiani v. R.I. Hosp., 704 F.2d 12, 16 (1st Cir. 1983) (same). "Any other notion would be wholly inconsistent with our system of representative litigation, in which each party is deemed bound by the acts of his lawyer-agent and is considered to have 'notice of all facts, notice of which can be charged upon the attorney.'" Damiani v. R.I. Hosp., 704 F.2d at 16, quoting Smith v. Ayer, 101 U.S. 320, 326 (1880). "[K]eeping a suit alive 'merely because [defendants] should not be penalized for the omissions of [their] own attorney[s] would be visiting the sins of the [defendants'] lawyer upon the [plaintiff].'" Damiani v. R.I. Hosp., 704 F.2d at 17, quoting Link v. Wabash Railroad Co., 370 U.S. 626, 634 n. 10 (1962). Also see Corchado v. Puerto Rico Marine Management, Inc., 665 F.2d 410, 413 (1st Cir. 1981), cert. denied, 459 U.S. 826, 103 S. Ct. 60, 74 L. Ed. 2d 63 (1982); Pease v. Peters, 550 F.2d 698, 701 (1st Cir. 1977).

In the instant case, the Defendants solely rest on the allegation that their selected attorneys did not notify them of the latter orders in the docket, including the one setting an evidentiary hearing for March 21, 2014. As stated by the First Circuit in Rivera-Velazquez v. Hartford Steam Boiler Inspection & Ins. Co., 750 F.3d 1, 5 (1st Cir. 2014): "[w]e are not without some measure of sympathy for a client whose lawyer lets him down. But in litigation matters, lawyers act for their clients; and this case is not the first (nor will it be the last) in which the

-4-

[alleged] failings of an attorney are visited upon her client. After all, it is settled beyond hope of contradiction that the neglect of an attorney acting within the scope of his or her authority is attributable to the client" (citations omitted). In consideration of the totality of the record, the court does not find that the Defendants' allegations in their *Motion to Set Aside Judgment* (Docket No. 74) constitute unique or extraordinary circumstances that demonstrate excusable neglect under Fed. R. Civ. P. 60(b)(1).

Conclusion

For the reasons stated herein, the *Motion to Set Aside Judgment* (Docket No. 74) is hereby denied. Therefore, the *Motion to Stay Proceedings to Enforce Judgment and Order* (Docket No. 88) is hereby denied as moot.

SO ORDERED.

In San Juan, Puerto Rico, this 10th day of December, 2014.

Enrique S. Lamoutte
United States Bankruptcy Judge

-5-