IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| IN RE: | CASE NO. 09-04089 (ESL) |
| LEIDA OTERO RIVERA | CHAPTER 12 |
| Debtor | |
| LEIDA OTERO RIVERA | ADV. PROC. NO. 11-00043 (ESL) |
| Plaintiff | |
| vs. | |
| LAKE BERKLEY RESORT MASTER ASSOCIATION, INC., THE MANORS AT LAKE BERKLEY HOME OWNERS ASSOCIATION, INC., SRK ASSOCIATION MANAGEMENT, *ET AL.* | |
| Defendants | |

OPINION AND ORDER

This case is before the court upon the *Defendant's Expedited Motion for Stay Pending Appeal* seeking to "stay this adversary proceeding pending the appeal of this [] Court's order denying Defendants' motion to set aside the judgment [entered at Docket No. 65]" (Docket No. 116, p. 1, ¶ 1, the "*Motion for Stay Pending Appeal*").

Some of the arguments in the *Motion for Stay Pending Appeal* have already been addressed by the court. For instance, the argument that the Defendants' previous attorneys "abandoned" them (Docket No. 116, p. 5, ¶ 22) has already been addressed in the *Opinion and Ordered* entered on December 10, 2014 (Docket No. 91), 2014 Bankr. LEXIS 4976, 2014 WL 6983403 (Bankr. D.P.R. 2014), which denied the Defendants' *Motion to Set Aside Default Judgment and Orders* (Docket No. 74). The court will not revisit such arguments at this juncture.

The only new argument presented by the Defendants is that "absent a stay pending appeal, [they] will become insolvent" (Docket No. 116, p. 11, ¶ 39). They sustain that they are

-1-

"non-profit organizations that operate pursuant to the provisions for Homeowners' Associations in the Florida Statutes" (Docket No. 116, p. 12, ¶ 43), that they "operate to provide services to the different communities that compose each association" (id., ¶ 42), and that "the enforcement of the judgment pending appeal, taking into consideration the current financial conditions of the Defendants, would imminently render the three insolvent, resulting in irreparable harm" (id., ¶ 44).

"A motion for stay pending appeal is governed by Fed. R. Bankr. P. 8007. The allowance of a motion for stay pending appeal is discretionary." In re MJS Las Croabas Props., 2015 Bankr. LEXIS 1159 at *4, 2015 WL 1651085 at *2 (Bankr. D.P.R. 2015). Courts consider the traditional four-part standard applicable to preliminary injunctions. See Acevedo-García v. Vera-Monroig, 296 F.3d 13, 16 (1st Cir. 2002). The court must consider "(1) whether the applicant has made a strong showing of success on the merits; (2) whether the applicant will be irreparably harmed absent injunctive relief; (3) whether issuance of the stay will injure other parties; and (4) where the public interest lies." Id. at 16, fn. 3, citing Hilton v. Braunskill, 481 U.S. 770, 776-777 (1987). "A motion for stay pending appeal is an extraordinary remedy and requires a substantial showing on the part of the movant. In order to grant the motion for stay pending appeal all four prongs must be satisfied. Failure to meet the four prongs dooms the motion." In re MEDSCI Diagnostics, Inc., 2011 WL 280866 at *3, 2011 Bankr. LEXIS 283 at *8 (Bankr. D.P.R. 2011) (citations omitted). "Failure to satisfy even one of those requirements justifies denial of the stay." Gail v. New Eng. Gas Co., 2008 U.S. Dist. LEXIS 102678 at *38, 2008 WL 5245331 at *9 (D.R.I. 2008), citing In re Power Recovery Sys. Inc., 950 F.2d 798, 804 n.31 (1st Cir. 1991). Also see In re Turner, 207 B.R. 373, 374 (BAP 2nd Cir. 1997); In re Bijan-Sara Corp., 203 B.R. 358, 360 (BAP 2nd Cir. 1996). These factors are weighed according to the unique circumstances of each case to ensure a just result. See Palazzetti Imp./Exp., Inc., 2002 U.S. Dist. LEXIS 6558 at *7, 2002 WL 562654 at *2 (S.D.N.Y. 2001). In conducting this analysis, the U.S. Supreme Court has stated that the first two factors are the "most critical". See Nken v. Holder, 129 S. Ct. 1749, 1761 (2009). Of those two factors, "'[t]he *sine qua non* [of

the stay pending appeal standard] is whether the [movants] are likely to succeed on the merits.'" Acevedo-García v. Vera-Monroig, 296 F.3d at 16, quoting Weaver v. Henderson, 984 F.2d 11, 12 (1st Cir. 1993). Also see Elias v. Sumski (In re Elias), 182 Fed. Appx. 3, 4 (1st Cir. 2006) ("the *sine qua non* of the stay pending appeal standard is whether the movants are likely to succeed on the merits"). Although the degree of likelihood of success is not determinative, it must be balanced with the hardships caused to the parties if the injunction is not granted. If the movant's showing of probable success on the merits is uncertain, he/she/it may be entitled to a preliminary injunction if he/she/it demonstrates a strong probability that he/she/it will be injured if the court fails to act. See Wright, Miller & Kane, 11A Federal Practice and Procedure § 2948.3 (2nd ed. 2014). To establish irreparable harm, the movant does not need to show that the injunctive relief will be fatal to the business, only that its legal remedies are inadequate. See Ross-Simons of Warwick, Inc. v. Baccarat, Inc., 102 F.3d 12, 15 (1st Cir. 1996).

In Daly v. St. Germain (In re Norwich Historic Pres. Trust), 2005 US Dist. LEXIS 7171, 2005 WL 977067 (D. Conn. 2005), the U.S. District Court for the District of Connecticut declined to stay a sale of real property pending resolution of unsecured creditor's appeal because, although creditor showed irreparable harm, he did not satisfy other requirements for obtaining the stay.

In the instant case, based on the totality of the circumstances, the Defendants' assertion that "absent a stay pending appeal, [they] will become insolvent" (Docket No. 116, p. 11, ¶ 39) is insufficient for this court to grant it. The Defendants have not established the *sine qua non* requirement for a stay pending appeal, to wit, the likelihood to succeed on the merits. Their argument to the effect that they "should not be made to suffer for [their attorneys'] failures" (Docket No. 116, p. 7, ¶ 26), significantly deviates from the binding norm established by the U.S. Court of Appeals for the First Circuit that "[a]ttorneys act for their clients, and the neglect of an attorney acting within the scope of his or her authority is attributable to the client", Nansamba v. North Shore Med. Ctr., Inc., 727 F.3d 33, 38 (1st Cir. 2013), and that "keeping a suit alive 'merely because [defendants] should not be penalized for the omissions of [their] own

attorney[s] would be visiting the sins of the [defendants'] lawyer upon the [plaintiff]'" Damiani v. R.I. Hosp., 704 F.2d 12, 17 (1st Cir. 1983).

In view of the foregoing, the *Motion for Stay Pending Appeal* filed by the Defendants (Docket No. 116) is hereby denied.

SO ORDERED.

In San Juan, Puerto Rico, this 22nd day of June, 2015.

Enrique S. Lamoutte
United States Bankruptcy Judge

-4-